AIRCRAFT & DIESEL EQUIPMENT CORPORATION, A CORPORATION, PETITIONER, *v.* HENRY L. STIMSON, SECRETARY OF WAR, AND ROBERT P. PATTERSON, UNDER SECRETARY OF WAR, RESPONDENTS.

Docket No. 177 R. Promulgated June 30, 1945.

*Francis Hill, Esq.*, for the petitioner.
*William V. Crosswhite, Esq.*, for the respondents.

#### OPINION.

MURDOCK, *Judge*: The respondents have moved to dismiss this proceeding for lack of jurisdiction on the ground that it is not based upon a notice of a final order of the War Contracts Price Adjustment Board, but, instead, is based upon a preliminary order of a delegatee of the Board, which had not become the final order of the Board and as to which the Board had issued no statutory notice, which notice is necessary to the jurisdiction of this Court. The order complained of relates to the fiscal year ended November 30, 1943.

The War Contracts Price Adjustment Board (herein referred to as the Board) was created by section 403 (d) (1) of the Renegotiation Act.[1] The Board is the renegotiating authority for all fiscal years ending after June 30, 1943. Section 403 (c) (1) of the Renegotiation Act provides that the Board "shall issue and enter an order determining the amount, if any, of such excessive profits and forthwith give

---

[1] Section 403 of the Sixth Supplemental National Defense Appropriation Act of 1942 (Public 528, 77th Cong.), approved April 28, 1942, as amended, was amended in full by section 701 of the Revenue Act of 1943 (Public 235, 78th Cong.), enacted February 25, 1944, and became the "Renegotiation Act."

notice by registered mail to the contractor or subcontractor." Section 403 (e) (1) provides that any contractor "aggrieved by an order of the Board determining the amount of excessive profits &ast; &ast; &ast; may, within ninety days &ast; &ast; &ast; after the mailing of the notice of such order under subsection (c) (1), file a petition with The Tax Court of the United States for a redetermination thereof." These provisions are clear. A contractor may file a petition with the Tax Court only after there has been mailed to him by the Board a notice as required in section 403 (c) (1). That notice and that notice alone starts the 90-day period specified in section 403 (e) (1). The present proceeding is not based upon a "notice of such order under subsection (c) (1)" within the meaning of section 403 (e) (1) and (c) (1). Therefore, this Court has no jurisdiction in this proceeding.

For jurisdiction of the Tax Court in this case, the petitioner relies upon a determination which emanated under authority delegated by the Board pursuant to section 403 (d) (4). Congress provided that the Board could make use of other agencies and persons for the purpose of conducting the renegotiation proceedings, and could adopt as its own the determinations of those delegatees as to the amount of excessive profits. The Board has delegated some of its authority. It is provided in section 403 (d) (5) that the determination of a delegatee shall become the determination of the Board within 60 days unless the Board decides within that time to review that determination. But the law does not provide that determinations and notices of determinations sent out by a delegatee shall start the running of the 90-day period for the filing of a petition with the Tax Court provided in section 403 (e) (1). The Board has not attempted to delegate that duty and authority. Determinations issued by delegatees are tentative. They are not final when issued and they do not necessarily become final. Finality of such a determination depends upon whether or not the Board sees fit to change it. The Board may not choose to review it, in which case it becomes final within 60 days after its issuance, or the Board may review it and later adopt it, or the Board may review it, reject it, and make a wholly different determination. See in this connection Renegotiation Regulations section 625. It is apparent from an examination of the wording of section 403 (c) (1) and (e) (1), as well as from the statute as a whole, that Congress did not intend to provide that the 90-day period for filing a petition with the Tax Court should begin or should be related back under any circumstances to the date upon which some delegatee of the Board might issue its determination of the amount of excessive profits. Congress has specified the circumstances under which a determination of a delegatee may become the final determination of the Board, but has required the Board

in all instances, after a final determination of the Board has been made, to enter and issue its order determining excessive profits and to send out a notice thereof by registered mail. This is the notice and the only notice which starts the 90-day period for filing a petition with the Tax Court. The Board has recognized that the above is a correct interpretation of the statute and has adopted procedure to carry out the intent of Congress as interpreted herein. See its Renegotiation Regulations, section 625.3 and .4.

The wisdom of this is at once apparent. A contractor would be in a most unfortunate and intolerable situation if the 90-day period were to run from the issuance of a determination by a delegatee of the Board. The contractor might not know for 60 days or more after the issuance of that determination whether or not it would ever become the determination of the Board and, consequently, he would not know whether or not to file a petition with the Tax Court or whether to hope for or rely upon a possible review by the Board. Furthermore, the full 90 days might elapse before completion of the review and the contractor would not know how to protect his right to proceed in the Tax Court.

The petitioner in the present case filed its petition based upon a determination of a delegatee of the Board. That determination had not become the final determination of the Board under section 403 (d) (5), and the Board had not entered or issued its order or sent out any notice under section 403 (c) (1). It is to the general advantage of contractors that this proceeding be dismissed for lack of jurisdiction for the reasons stated herein. Counsel for the petitioner recognizes this, but wants to be certain that the petitioner is not losing its day in court by having its petition dismissed. If the determination of the delegatee involved herein becomes the determination of the Board, either by action or inaction, the Board will nevertheless have to fulfill thereafter the requirements of section 403 (c) (1) and (e) (1), and send to petitioner by registered mail a notice that the Board has made an order determining excessive profits. The mailing of that notice will start the running of the 90-day period within which this petitioner may initiate a proceeding in this Court based upon that notice.

The petitioner has moved to substitute the War Contracts Price Adjustment Board for the respondents named in its petition. That motion would be proper, would be unopposed, and would be granted, were it not for the fact that the Court has no jurisdiction in this proceeding, and there is no point in making any corrections of this character.

Reviewed by the Court.

*An order will be entered dismissing the proceeding for lack of jurisdiction.*